IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Kenneth Bozeman, #152084, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Kershaw Correctional Institution; and )<br>Henry D. McMaster, Attorney General )<br>for the State of South Carolina, )<br>)<br>Respondents. )<br>_____) | Civil Action No. 8:05-1378-GRA-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, Kenneth Bozemon, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. The respondents have filed a motion for summary judgment seeking dismissal of the petition.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY AND FACTS PRESENTED

### CONVICTION AND DIRECT APPEAL

The record reveals that the petitioner is currently incarcerated in the Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant to orders of commitment from the Clerk of Court of Fairfield County. The petitioner was indicted at the June 1988 term of court for murder. On June 22, 1988, the petitioner was found guilty of voluntary manslaughter. (Tr. 1-306.) The petitioner did not appeal either his conviction or sentence.

### PCR APPLICATION

The petitioner filed an application for post-conviction relief ("PCR") on April 20, 1993, alleging ineffective assistance of counsel, innocence, and violation of due process and equal protection rights. (Tr. 308-14.) The Honorable Paul M. Burch issued an order dated May 26, 1995, denying and dismissing the application. (Tr. 357-66.) The petitioner

filed a timely notice of appeal alleging that his counsel was ineffective for not being prepared to proceed to trial. The South Carolina Supreme Court denied certiorari on April 4, 1996. The Supreme Court sent the Remittitur to the Fairfield County Clerk of Court on April 22, 1996.

### STATE WRIT OF MANDAMUS

On September 30, 2002, the petitioner filed a Petition for Writ of Mandamus alleging various errors including lack of subject matter, indictment defects, and due process violations. (Tr. 11-33.) The Writ was denied by the Honorable Paul E. Short, Jr. on April 24, 2003. The petitioner filed a timely notice of appeal contesting the subject matter jurisdiction of the sentencing court. The South Carolina Court of Appeals affirmed the petitioner's sentence and conviction on January 31, 2005.

### FEDERAL HABEAS CORPUS PETITION

On May 19, 2005, the petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The grounds for relief are as follows:

> **Ground One:** Conviction and sentence obtained unlawfully in violation of the 14th Amendment to the U.S. Constitution, to wit: but for a "burden shifting jury charge,["] no reasonable juror would have found me guilty of the underlying offense charged. ie. The Petitioner submits that he is "actually innocence" [sic] of the offense he was found guilty of.
>
> **Ground Two:** Conviction and sentence obtained unlawfully in violation of the Due Process Clause of the 14th Amendment to the United States Constitution; to wit: The sentencing court lacked subject matter jurisdiction to try and convict Petitioner, as petitioner's indictment was not submitted to a legally qualified grand jury.

The respondents filed a motion for summary judgment on July 21, 2005.

## LAW AND ANAYLSIS

**Liberal Construction of *Pro Se* Complaint**

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574

F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### SECTION 2254 AND LIMITATIONS PERIOD

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall

not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d)(1), provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending  shall not be counted toward any period of limitation under this subsection.

**DISCUSSION**

**I.   ONE YEAR PERIOD OF LIMITATIONS**

The respondents contend that Bozeman's petition should be dismissed as it was filed outside of the one-year period of limitations proscribed by Section 2254. *See* 28 U.S.C. § 2244(d)(1). In his response, the petitioner makes no rejoinder to the period of limitations argument raised by the respondents and concedes the procedural history as described above.

The relevant portion of Section 2244(d)(1), states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and that the "limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Section 2244(d)(2), however, tolls the one year period during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

For a prisoner, like the petitioner, whose conviction became final before the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, the one-year limitations period began to run on the AEDPA's effective date, April 24, 1996. Thus, the petitioner had until April 24, 1997, absent tolling, to file his federal habeas petition. *See Rouse v. Lee*, 339 F.3d 238, 243 (4th Cir. 2003) (citing *Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000)).

The petitioner filed his PCR application on April 20, 1993. The disposition of his application became final no later than April 22, 1996, the date on which the state supreme court sent the Remittitur to the Fairfield County Clerk of Court. Therefore, the petitioner had until April 24, 1997, absent tolling, to file his federal habeas petition. The petitioner, however, did not file his habeas petition until May 19, 2005, over eight years from the expiration of the limitations period.

5

Although the petitioner filed a state writ of mandamus on September 30, 2002, the one-year limitations period, which had been running untolled since April 22, 1996, had long since expired. Specifically, the time for filing his federal habeas petition had expired over five years before he even filed the state court writ, which may have otherwise tolled the limitations period.

Accordingly, Bozeman's petition is untimely and should be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

IT IS SO RECOMMENDED.

                                          s/Bruce H. Hendricks
                                          United States Magistrate Judge

February 7, 2006
Greenville, South Carolina