UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Kenneth Bozeman, #152084,

                          Petitioner,

              v.

Kershaw Correctional Institution; and
Henry D. McMaster, Attorney General
for the State of South Carolina,

                          Respondents.

C/A No. 8:05-1378-GRA-BHH

ORDER
(Written Opinion)

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on February 7, 2006. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on May 19, 2005. Respondents filed a motion for summary judgment on July 21, 2005. On July 25, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.  The Petitioner responded on August 26, 2005. The magistrate recommends granting Respondents' motion for summary judgment and dismissing the petition as untimely.

Petitioner brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those

1

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Petitioner filed objections to the Report and Recommendation on February 24, 2006.

The magistrate recommends granting Respondents' motion for summary judgment on the ground that Petitioner filed this action outside the one-year period of limitations proscribed by Section 2254. *See* 28 U.S.C. § 2244(d)(1). Petitioner appears to make two objections to the magistrate's recommendation: 1) Petitioner's claim of "actual innocence" overcomes the procedural default of timeliness

2

requirements, and 2) Respondents waived any procedural defenses they had with respect to Ground Two of the petition.

Petitioner argues in his first objection that the magistrate ignored his "actual innocence" claim which overcomes the procedural default of timeliness requirements, citing *Schlup v. Delo*, 513 U.S. 298 (1995) for this contention.  Petitioner reads *Schlup* too broadly.  The United States Supreme Court held in *Schlup* that a petitioner who has been sentenced to death and raises a claim of actual innocence may avoid the prohibition against successive habeas petitions to receive consideration of the merits of constitutional claims.  The United States Supreme Court has not yet held than an "actual innocence" gateway remains, so as to excuse an inmate's failure to timely file within the one-year statute of limitations.  The Fifth and Eight Circuit Courts of Appeals have expressly rejected Petitioner's position. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[t]he one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted.  As a consequence, a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period.  We have previously held they do not. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)"); *Flanders v. Graves*, 299 F.3d 974, 976-77 (8th Cir. 2002) (habeas petitioner's "actual innocence" claim was not a circumstance sufficient to equitably toll the one-year statute of limitations for filing a petition for writ of habeas corpus, absent a

3

showing that "some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations"). Furthermore, the Fourth Circuit applies the "extraordinary circumstances" test to determine if a habeas corpus petitioner is entitled to equitable tolling of the one-year statute of limitations period. *See Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc). Applying that test, Petitioner is "only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.* at 246.

Adopting the reasoning of the Fifth and Eighth Circuits, this Court finds that a claim of actual innocence is an insufficient circumstance to warrant equitably tolling the statute of limitations without a showing that a petitioner has discovered new facts that could not have been found with reasonable diligence before the time for filing had ended. Moreover, Petitioner has failed to provide any justification to equitably toll the one-year statute of limitations period pursuant to the "extraordinary circumstances" test as announced in *Rouse*. Therefore, Petitioner's first objection is without merit.

Petitioner argues in his second objection that with respect to Ground Two of his petition Respondents did not raise the defense of "statute of limitations," but instead attempted to defeat Petitioner's position on the merits, and therefore,

4

Respondents waived any procedural defense they had.  Petitioner notes that with respect to his claims of "denial of due process" and "lack of subject matter jurisdiction," Respondents conceded in their motion for summary judgment that these claims were properly and timely submitted to the state courts and exhausted for purposes of Federal review.  However, Respondents then proceeded to explain that despite Petitioner's compliance with the exhaustion requirement, Respondents were still entitled to summary judgment.  Also, Respondents made these arguments in their motion for summary judgment, only after an extensive discussion stating why the present petition should be dismissed as untimely and stating "[e]ven assuming *arguendo* that the Petition was not untimely under the statute of limitations, it is clear that Respondents are still entitled to summary judgment."  It is clear from reading Respondents' motion for summary judgment in total, that Respondents in no way waived the procedural defense of the one-year statute of limitations period.  Therefore, Petitioner's second objection is without merit.

After a review of the magistrate's Report and Recommendation and considering Petitioner's objections thereto, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and this action be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March __1__, 2006.


## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.